IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RAMON BADILLO SANTIAGO, M.D.    *
                                *
        Plaintiff               *
                                *
v.                              *    Civil No. 98-1993(SEC)
                                *
HON. JOSE ANDREU GARCIA, et al. *
                                *
        Defendants              *
*********************************

**OPINION AND ORDER**

Pending before the Court are several motions to dismiss filed by co-defendants Hon. José A. Fuentes Agostini, Secretary of the Department of Justice of the Commonwealth of Puerto Rico **(Docket #6)**; by Hon. José Andreu García, Chief Justice of the Supreme Court of Puerto Rico, and by Mercedes M. Bauermeister, Esq., Administrator of the Office of Courts Administration **(Docket #7)**; and by Hon. Julio Berríos Jiménez, Judge of the Superior Court of Puerto Rico **(Docket #8)**. The motions to dismiss were properly opposed by plaintiff **(Dockets #15, 16, 20)**. The Court granted leave, and pursuant to said leave, the United States of America filed an *amicus curiae* brief urging the denial of the motions to dismiss **(Docket #33)**.

For the reasons stated below in this Opinion and Order, the motions to dismiss filed by Mr. Fuentes Agostini **(Docket #6)**, and by Judge Andreu García and Ms. Bauermeister **(Docket #7)** shall be **GRANTED IN PART** and **DENIED IN PART**. In addition, the motion to dismiss filed by Judge Berríos Jiménez **(Docket #8)** shall be **GRANTED**.

**Applicable Law – Standard for Motions to Dismiss under Fed.R.Civ.P. 12(b)(6)**

In Iacampo v. Hasbro, Inc., 929 F. Supp. 562 (D.R.I. 1996), a federal district court cogently held that, "[l]ike a battlefield surgeon sorting the hopeful from the hopeless, a motion to dismiss

AO 72A
(Rev 8/82)

**Civil No. 98-1993(SEC)**                                                                 2

invokes a form of legal triage, a paring of viable claims from those doomed by law." Id. at 567. See also Guckenberger v. Boston University, 957 F. Supp. 306, 313 (D. Mass. 1997).

In fact, Rule 12(b)(6) motions such as this one have no purpose other than to "test the formal sufficiency of the statement of the claim for relief... [They are not, however,] a procedure for resolving a contest about the facts or the merits of the case."5A Wright & Miller, Federal Practice & Procedure, supra §1356, at 294 (2d ed. 1990). Only where the complaint fails to comply with the liberal standard provided in Rule 8(a), that is, to provide a "short and plain statement ... showing that the pleader is entitled to relief," will it be subject to dismissal under 12(b)(6). Fed. R. Civ. P. 8(a). *See also* Federal Practice and Procedure, supra at 296; Podell v. Citicorp Diners Club, Inc., 859 F. Supp. 701 (S.D.N.Y. 1994). It is the moving party which has the burden of proving that no claim exists. Federal Practice and Procedure, supra at 115 (1996 Supp.). *See also* Clapp v. LeBoeuf, Lamb, Leiby & MacRae, 862 F. Supp. 1050 (S.D.N.Y. 1994).

In determining whether to grant a motion to dismiss, courts must construe the complaint "in the light most favorable to plaintiff" and treat her allegations as though they were true. Federal Practice and Procedure, *supra* at 304. See also Rockwell v. Cape Cod Hosp., 26 F.3d 254 (1st Cir. 1994). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See also Wyatt v. City of Boston, 35 F.3d 13, 16 (1st Cir. 1994); Schroeder v. De Bertolo, 879 F. Supp. 173, 175 (D. Puerto Rico, 1995).

Courts are not, however, required to "accept every allegation made by the complainant no matter how conclusory or generalized." U.S. v. AVX Corp., 962 F.2d 108, 115 (1st Cir. 1992). As the First Circuit has held, "[t]he pleading requirement, however, is 'not entirely a toothless tiger.'"

**Civil No. 98-1993(SEC)** 3

Doyle v. Hasbro, 103 F.3d 186, 190 (1st Cir. 1996), quoting The Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989). This Court need not accept plaintiff's "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996).

**Factual Background**

As mandated by the standard under Rule 12(b)(6), we shall take the relevant facts from plaintiff's complaint **(Docket #1)**. Plaintiff, Dr. Ramón Badillo Santiago, *pro se*[1], filed the above-captioned action on August 31, 1998 against the following defendants: Hon. José Andreu García, Chief Justice of the Supreme Court of Puerto Rico, in his official capacity as Administrator of the Judicial System; Mercedes M. Bauermeister, in her official capacity as Director of the Puerto Rico Office of Courts Administration; Wilfredo Girau Toledo, in his official capacity as Director of the Puerto Rico Public Buildings Authority; the Commonwealth of Puerto Rico, represented by Hon. José Fuentes Agostini, Secretary of the Puerto Rico Department of Justice, included in his official capacity; and Superior Court Judge Julio Berríos Jiménez, in his official and personal capacity. He premised the Court's jurisdiction on the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. Plaintiff also presents claims of violations of due process and equal protection of the laws under 42 U.S.C. § 1983.[2]

---

[1] Because plaintiff appears *pro se*, the Court reads his complaint generously. Haines v. Kerner, 404 U.S. 519, reh'g denied, 405 U.S. 948 (1972); Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.1988) (pro se pleadings must be liberally construed). As such, dismissal is not appropriate unless it can be said "with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Haines, 404 U.S. at 520-21.

[2] While plaintiff also premises this Court's jurisdiction on 28 U.S.C. § 1332, alleging diversity of jurisdiction, he has not presented claims under Puerto Rico law. We find that even construing the pleadings liberally, there is absolutely no reference to any claims pursuant to Puerto Rico law.

**Civil No. 98-1993(SEC)** 4

At the time of the filing of the complaint, plaintiff was 78 years old; he is a resident of the state of Florida. In his complaint, plaintiff avers that he is hearing-impaired. Plaintiff was subpoenaed to appear in the Superior Court of the Commonwealth of Puerto Rico, Bayamón Part, on September 2, 3, and 8, 1997, where co-defendant Judge Julio Berríos Jiménez presided over a civil trial in which plaintiff was the defendant. Plaintiff states that because he is hearing-impaired, he requested "appropriate auxiliary aids" for his condition to the presiding judge before the start of the trial, to which Judge Berríos allegedly responded that he did not know of such aids.

On September 3, 1998, plaintiff claims that he made another request for auxiliary aids, which was also denied by Judge Berríos. Plaintiff filed a motion for new trial on September 8, 1998, alleging that the ADA had been violated; said motion for new trial was also denied. The motion for new trial was accompanied by an audiometric evaluation by an audiologist. Plaintiff states: "The judge ordered the Court Officer to instruct me to use a wheel-secretary (sic) chair and authorize me to move around to hear the proceedings. Initially I complied but considering it a humiliating and ineffective aid I discontinued his recommendations. I also ... declined to further testify in the trial under these conditions." **(Docket #1, at page 3)**.

Plaintiff avers that the Court knew since October 25, 1995, when he answered the complaint in the civil case, that he was hearing-impaired. He further avers that the judge did not provide him with reasonable accommodation, and instead ignored him and did not inform him regarding any policies to deal with disabilities by the Office of Courts Administration of Puerto Rico. "In addition, he never consulted me about the hearing aids that I considered will be helpful to my condition according to C.F.R. Part 35." **Id.**

He claims that the Office of Courts Administration and the Puerto Rico Public Buildings

**Civil No. 98-1993(SEC)**                                                                                                            5

Authority are liable because they failed to comply with the ADA and the applicable federal regulations. Plaintiff states: "Both defendants did not act affirmatively to articulate and communicate a public and effective policy and procedures to deal with reasonable accommodations for the disabled. Also, they [did] not inform the public of their rights and fail (sic) to train effectively the judges and personnel in this area of law." **Id. at 4.**

Finally, plaintiff claims: "All defendants are required by law to comply with the [ADA] and its regulations. By not acting affirmatively in this area, and also refusing to provide a reasonable accommodati[on] they have violated the mandate of this federal act. In addition, *the treatment received by my person also violated my constitutional rights of equal protection of law and due process of law and might also be a violation of 42 U.S.C. § 1983.*" **Id.**, emphasis added.

Plaintiff claims five million dollars in damages plus costs.

**Applicable Law and Analysis – Whether defendants are amenable to suit under the ADA**

In enacting the ADA, Congress recognized that there are some 43 million Americans who have one or more disabilities and that these individuals encounter discrimination "in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services." 42 U.S.C. § 12101(a). Congress has stated that one of the purposes of the ADA is "to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities." 42 U.S.C. § 12101(b)(4).

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services,

**Civil No. 98-1993(SEC)** 6

programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Defendants do not dispute that the government entities being sued in this case, through its heads being sued in their official capacities, are public entities within the meaning of the statute. However, co-defendant Judge Berríos Jiménez has contested the applicability of the ADA to his person, alleging that he is not a "public entity" within the meaning of the statute and thus cannot be held liable to plaintiff under the ADA.

We find that the ADA is applicable to co-defendants Andreu, Bauermeister, Girau, and Fuentes Agostini, as they are being sued not as individuals in their personal capacities, but instead in their official capacities as heads of various government entities of the Commonwealth of Puerto Rico. Courts have construed suits against government officials in their official, rather than personal, capacities to be suits against the state. See Kentucky v. Graham, 473 U.S. 159 (1985), and discussion regarding official capacity suits, infra. Thus, we shall construe these claims against defendants in their official capacities as suits against the Commonwealth of Puerto Rico and these particular government entities.

Congress expressly abrogated the states' Eleventh Amendment sovereign immunity when it enacted the ADA, and therefore, states do not enjoy sovereign immunity for suits filed under the ADA. See Torres v. Puerto Rico Tourism Company, 175 F.3d 1, 5 n.7 (1st Cir. 1999) (not deciding the issue of whether Congress utilized its Fourteenth Amendment powers to abrogate the states' sovereign immunity under the ADA but stating in dicta that "[i]n any event, we have considered the issue of Congress' authority sufficiently to conclude that, were we to confront the issue head-on, we almost certainly would join the majority of courts upholding the provision"). See also Kimel v. Florida Bd. of Regents, 139 F.3d 1426 (11th Cir. 1998) (holding that Congress expressly abrogated

**Civil No. 98-1993(SEC)** 7

states' Eleventh Amendment immunity pursuant to a valid exercise of its Fourteenth Amendment powers when it enacted the ADA). Because the ADA expressly abrogated states' Eleventh Amendment immunity, plaintiff's claims against these various defendants in their official capacities may proceed.

However, plaintiff's claims under the ADA against Judge Berríos Jiménez in his personal and official capacity must fail. Plaintiff has not been able to controvert defendant's argument that he is not a "public entity" within the meaning of Title II of the ADA, and that as such, he cannot be held liable under the statute. We agree that the claims against Judge Berríos Jiménez cannot be maintained under the ADA as he is not a "public entity" within the meaning of the statute. Furthermore, any government entity that he may be construed as representing in his official capacity, be it the Judicial Branch or the Office of Courts Administration, is already being sued through its respective heads; any further claims against those public entities would be redundant and duplicative. Thus, plaintiff's claims against co-defendant Judge Berríos Jiménez under the ADA must be **DISMISSED**.

**Applicable Law and Analysis – Whether plaintiff has stated a *prima facie* case under Title II of the ADA**

We must now address defendants' substantive arguments that plaintiff has failed to establish a *prima facie* case of discrimination under Title II of the ADA. In order to establish a claim of violation of Title II of the ADA, a plaintiff must show: (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of some public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) that such exclusion, denial of benefits or discrimination was by reason of the plaintiff's

**Civil No. 98-1993(SEC)**                                                                                                   8

disability. <u>Darian v. University of Massachusetts Boston</u>, 980 F. Supp. 77, 84 (D. Mass. 1997). The <u>Darian</u> court also stated that "[a]n entity discriminates against a disabled individual when it fails to make reasonable modifications for that person. If the modifications would fundamentally alter the nature of the institution, however, it is not obliged to make the modifications." <u>Id.</u>, citing 42 U.S.C. § 12182(b)(2)(A)(ii).

The ADA defines a "qualified individual with a disability" as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). The statute defines "auxiliary aids and services" as including "qualified interpreters or other effective methods of making aurally delivered materials available to individuals with hearing impairments". 42 U.S.C. § 12102(1)(A). Furthermore, the regulations enacted pursuant to the ADA includes among these "auxiliary aids and services" the kind of device requested by plaintiff, an "assistive listening device". <u>See</u> 28 C.F.R. § 35.104.

These regulations also obligate a public entity to provide appropriate auxiliary aids. Section 35.160 of Volume 28 of the Code of Federal Regulations provides as follows: "A public entity shall furnish appropriate auxiliary aids and services where necessary to afford an individual with a disability an equal opportunity to participate in, and enjoy the benefits of, a service, program or activity conducted by a public entity." 28 C.F.R. § 35.160(b)(1).

Pursuant to the above, we must determine whether plaintiff has made out a *prima facie* case under Title II of the ADA. We find that plaintiff has met the first prong of the test, regarding

whether he is an individual with a disability, insofar as he has averred that he is hearing-impaired. Second, regarding the second prong of the test, he has clearly alleged that he was qualified and met the eligibility requirements for the receipt of services by a public entity, because he was a defendant in a civil trial presided by Judge Berríos Jiménez, and he claims that his participation in his defense was thwarted by an inability to hear the proceedings. Finally, he has averred that he was excluded from participation in a public entity's activity because of his disability, in compliance with the third prong of the test. Plaintiff claims that he was denied the right to participate in his own defense at a civil trial because he was not furnished a hearing aid and was thus unable to follow the proceedings. In short, it is clear to the Court that plaintiff has complied with the necessary elements to make out a *prima facie* under Title II of the ADA. The Court makes no comment, however, on whether plaintiff's case could withstand a properly documented motion for summary judgment regarding the issue of the extent of plaintiff's disability and the reasonableness of the accommodation requested by plaintiff.

**Applicable Law and Analysis – Defendants may not be sued in their official capacity under 42 U.S.C. § 1983**

In order to establish a cognizable claim under 42 U.S.C. § 1983, plaintiffs must not only demonstrate that the defendants, acting under color of law, deprived them of a federally protected right; but must also prove that these defendants were personally involved in such a violation. See, e.g., Gómez v. Toledo, 446 U.S. 635 (1980); Hudson v. Palmer, 468 U.S. 517 (1984); Pinto v. Jiménez Nettleship, 737 F.2d 130 (1st Cir. 1984). See also Rodríguez-Cirilo v. García, 115 F.3d 50, 52 (1st Cir. 1997). The First Circuit has recently emphasized that § 1983 imposes a causation requirement similar to that of ordinary tort law. See Rodríguez Cirilo, 115 F.3d at 52, referring to

**Civil No. 98-1993(SEC)**                                                                 10

Gutierrez-Rodríguez v. Cartagena, 882 F.2d 553, 561 (1st Cir. 1989).

The complaint asserts claims against defendants in both their personal and official capacities. Defendants argue, and this Court agrees, that the Court lacks subject matter jurisdiction over them in their official capacity due to the Eleventh Amendment. Although the Eleventh Amendment does not deprive federal courts of jurisdiction to entertain suits for damages for violation of civil rights against state officials in their individual and personal capacity, Scheuer v. Rhodes, 416 U.S. 232, 238 (1974), the Amendment precludes damage claims against defendants in their official capacity.[3]

> Official capacity suits, in contrast "generally represent another way of pleading an action against an entity of which an officer is an agent." As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity. Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official capacity suit must look to the government entity itself.

Graham, 473 U.S. at 165-166 (internal citations omitted). Thus, it is well-established that plaintiff's claims against all defendants in their official capacity are barred by the Eleventh Amendment and must therefore be **DISMISSED**.

**Applicable Law and Analysis – plaintiff's claims against Judge Berríos Jiménez in his personal capacity pursuant to 42 U.S.C. § 1983 are barred by the doctrine of absolute judicial immunity**

It is well established that judges enjoy absolute judicial immunity from liability for damages arising out of performance of their judicial duties, regardless of bad faith. Stump v. Sparkman, 435 U.S. 349 (1978). Acts are judicial in nature if they are (1) normal judicial functions (2) that occurred

---

[3] The Commonwealth of Puerto Rico enjoys the full benefits of the Eleventh Amendment. See Ramirez v. Puerto Rico Fire Service, 715 F.2d 694, 697 (1st Cir. 1983).

**Civil No. 98-1993(SEC)**                                                                                          11

in the judge's court or chambers and were (3) centered around a case pending before a judge. Brewer v. Blackwell, 692 F.2d 387, 396-97 (5th Cir.1982).

"A judge does not lose immunity because an action is erroneous, malicious, in excess of his authority, or disregardful of elementary principles of procedural due process, as long as the judge had jurisdiction over the subject matter before him." Decker v. Hillsborough County Attorney's Office, 845 F.2d 17 (1st Cir.1988). "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" Mireles v. Waco, 502 U.S. 9, 9-10 (1991), citing Bradley v. Fisher, 80 U.S. 335, 347 "[T]he essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action." Mitchell v. Forsyth, 472 U.S. 511, 525 (1985).

The Court finds that plaintiff's claims against co-defendant Judge Berríos Jiménez are barred by the doctrine of absolute judicial immunity. While there may be an argument that the judge's denial of a hearing aid to plaintiff may fall within the administrative, and not judicial, realm of the judge's duties, we believe that in this instance it is impossible to separate the administrative ramifications of the judge's alleged actions from its judicial ramifications. This is particularly so because plaintiff was a defendant in a civil case before Judge Berríos Jiménez, and the crux of his claim is that he was denied due process of law insofar as he was unable to participate in or testify in his own defense at that trial because he was not furnished a hearing aid. This conclusion is bolstered by the fact that among plaintiff's claims against Judge Berríos Jiménez is that the judge denied plaintiff's motion for a new trial on the basis of violations of the ADA. Plaintiff has not

**Civil No. 98-1993(SEC)**                                                                                                         12

presented any arguments that would persuade the Court that Judge Berríos Jiménez was acting outside of the scope of his authority, which would negate his claim of absolute immunity. Thus, all claims against Judge Berríos Jiménez pursuant to 42 U.S.C. § 1983 must be **DISMISSED**.

**Conclusion**

Pursuant to the above discussion, defendant Julio Berríos Jiménez's motion to dismiss **(Docket #8)** is **GRANTED** and plaintiff's claims under the ADA and Section 1983 against said co-defendant shall be **DISMISSED**. In addition, the motions to dismiss filed by co-defendants Andreu and Bauermeister **(Docket #6)** and Girau **(Docket #7)** are **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's claims under the ADA against the remaining co-defendants shall go forward as he is suing said defendants in their official capacities. On the other hand, plaintiff's claims pursuant to 42 U.S.C. § 1983 shall be **DISMISSED**. Partial judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of September, 1999.

SALVADOR E. CASELLAS
United States District Judge