IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RAMÓN BADILLO-SANTIAGO

Plaintiff

v.                                    Civil No. 98-1993(SEC)

HON. JOSÉ ANDREU-GARCÍA, et. al.

Defendants

**OPINION AND ORDER**

Pending before the Court is defendant José Fuentes-Agostini's "Motion Requesting Reconsideration and/or Clarification from Court's Order" **(Docket #76)**. Through this motion, Fuentes-Agostini requests that this Court clarify or otherwise amend its Order of September 30, 1999 **(Docket #73)**, to dismiss all of plaintiffs claims against him. This motion was properly opposed by the plaintiff **(Docket #87)**.

**Procedural Background**

On September 30, 1999, this Court entered an order dismissing all of plaintiffs claims against co-defendant Judge Julio Berríos-Jiménez, and against the other co-defendants in their official capacities under 42 U.S.C.A. § 1983. Plaintiff's claims under the American with Disabilities Act ("ADA") were sustained against co-defendants Hon. José A. Andreu-García, Mercedes Bauermeister, Esq., Hon. Wilfredo Girau-Toledo, and Hon. José Fuentes-Agostini in their official capacities, and the Commonwealth of Puerto Rico, the Office of Courts Administration ("Admnistración de Tribunales"), and the Public Buildings Authority ("Autoridad de Edificios Públicos") respectively. In so holding, the Court explained that plaintiff's claims against the

ιΟ



**Civil No. 98-1993(SEC)** 2

government officers in their official capacities were considered as if they were brought directly against the government agencies, Kentucky v. Graham, 473 U.S. 159 (1985).

On October 8, 1999, co-defendant Hon. José Fuentes-Agostini, Secretary of Justice, filed a motion entitled: "Motion Requesting Reconsideration and/or Clarification from Court's Order"**(Docket #76)**, whereby he indicated that the complaint against him in his official capacity should be dismissed because the complaint does not allege any specific facts that would link the organization he heads, the Department of Justice, to the alleged discrimination under ADA. In addition, Fuentes-Agostini argued that it was reasonable to infer that the circumstances under which he was made a party to this action were to comply with Puerto Rico R. Civ. P. 4.4. This rule requires the plaintiff to serve the Secretary of Justice with summons in order to properly serve process upon the Commonwealth as a defendant to a case.

After requesting and obtaining an extension of time, the plaintiff filed his opposition to co-defendant Fuentes-Agostini's motion for reconsideration/clarification of this Court's Order, on November 4, 1999 **(Docket #87)**. In his opposition to co-defendant Fuentes-Agostini's motion, the plaintiff alleges generally that the complaint entertains an action under 42 U.S.C.A. § 1983 "to challenge the constitutionality of state officials' actions, and/or assert the officials have acted in violation of federal law." The plaintiff alleges that the federal courts have jurisdiction to entertain this kind of action against state officers in their official capacities when the relief sought is prospective, as interpreted by the U.S. Supreme Court in Ex parte Younger, 209 U.S. 123 (1908).

**Analysis of Applicable Law**

In solving these issues, we must first keep in mind that this controversy arises within the context of co-defendant Fuentes-Agostini's motion to dismiss the complaint pursuant to Fed. R. Civ.

AO 72A
(Rev. 8/82)

**Civil No. 98-1993(SEC)**  3

P. 12(b)(6) **(Docket #6),** which was granted in part and denied in part by this Court on September 30, 1999 **(Docket #73),** and from which co-defendant Fuentes-Agostini has moved for reconsideration **(Docket #76).** Therefore, the legal standards to be applied in disposing of the defendant's motion for reconsideration and the plaintiff's corresponding opposition are those prescribed by Fed. R. Civ. P. 12(b)(6).

In assessing whether dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim is appropriate, "the trial court, must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998) (citations omitted). Thus, a dismissal for failure to state a claim is warranted "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." Correa-Martínez v. Arrillaga-Beléndez, 903 F.2d 49, 52 (1st Cir. 1990). As the First Circuit has noted, however, "[a]lthough this standard is diaphanous, it is not a virtual mirage. To survive a motion to dismiss, a complaint must set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)). In judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." LaChapelle, 142 F.3d at 508 (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996)). *See also* Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999).

**Civil No. 98-1993(SEC)** 4

The Court notices that in his opposition, the plaintiff brings new legal grounds for sustaining his claims against the defendants in their official capacities under 42 U.S.C.A. § 1983. The plaintiff quotes Ex parte Younger, supra, as sustaining this Court's jurisdiction against the defendants in their official capacities when the relief sought is declaratory and injunctive in nature. However, the Court will not enter to discuss the admissibility of plaintiff's belated arguments regarding 42 U.S.C.A. § 1983 and Ex parte Younger, supra for purposes of this Order[1], since the Court fails to see how even an action for declaratory and injunctive relief against state officers under Ex parte Younger, supra, could be maintained against The Secretary of Justice when the Court finds that there are not enough facts alleged in the complaint to implicate him personally, or the Justice Department, in the violation of the U.S. Constitution or the federal laws in the case at bar. Therefore the complaint against the Hon. José Fuentes Agostini must be dismissed.

However, the Commonwealth of Puerto Rico, legally represented by the Department of Justice, shall remain a party to this action in regards to plaintiff's claims under ADA. Co-defendant Fuentes-Agostini's Motion for Reconsideration/Clarification of this Court's Order **(Docket #76)** is hereby **GRANTED**, and all of plaintiff's claims against him are hereby **DISMISSED**. The Court shall enter a judgement accordingly.

**SO ORDERED.**

---

[1] However, case law on this point indicates that motions under Rule 59(e) of the Fed. R. Civ. P., to alter or amend a judgement should not be used to raise new legal arguments that could have been raised by the parties before judgement was entered, F.D.I.C. v. World Univ. Inc., 978 F.2d 10, 16(1992).

AO 72A
(Rev. 8/82)

**Civil No. 98-1993(SEC)** 5

In San Juan, Puerto Rico, this ___16___ day of December, 1999.

SALVADOR E. CASELLAS
United States District Judge