IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RAMON BADILLO-SANTIAGO, M.D.   *
                               *
    Plaintiff                  *
                               *
                               *   Civil No. 98-1993(SEC)
    v.                         *
                               *
HON. JOSE ANDREU-GARCIA, et. al.   *
                               *
    Defendants                 *
*********************************

**OPINION AND ORDER**

Before the Court are several motions for reconsideration of the partial judgment entered by the Court on September 30, 1999, (Docket #74). In particular, Plaintiff Ramón Badillo-Santiago, M.D., has filed a "Motion for Suspension/Clarification of Case Management Order, for Status/Scheduling Conference, Objection to Deadlines, to Alter or Amend the Judgment/Relief from Judgment, for Leave to Amend the Complaint, for 54(B) Certificate, and Memorandum in Support of Motions". **(Docket #83-A)**. This motion was opposed by defendants Wilfredo Girau-Toledo, **(Docket # 84)**, and the Commonwealth of Puerto Rico, represented by the Secretary of Justice, **(Docket # 90)**.

**Procedural History**

This case was filed on August 31, 1998 for facts that occurred in September 2, 3 and 8, 1997, pursuant to the American with Disabilities Act ("ADA"), 42 U.S.C.A. §§ 12101, et. seq., and 42 U.S.C.A. § 1983. (Docket #1). Plaintiff filed his complaint *pro se*, alleging that he was a disabled person within the meaning of ADA, and that the Defendants named therein unlawfully discriminated against him when they failed to provide him a reasonable accommodation during a Court hearing because he is hearing impaired. (Docket #1, p. 3).

AO 72A
(Rev. 8/82)

**Civil No. 98-1993(SEC)**                                                                 2

The Defendants included in the complaint were: the Hon. José Andreu-García, Presiding Judge of the Puerto Rico Supreme Court; Mrs. Mercedes Bauermeister, Esq., Director of the Puerto Rico Office of Courts Administration; Mr. Wilfredo Girau-Toledo, Director of the Public Buildings Authority; the Commonwealth of Puerto Rico, represented by the Puerto Rico Secretary of Justice, José Fuentes-Agostini; and Judge Julio Berrios-Jiménez, the Puerto Rico Superior Court Judge that presided the civil case hearing where Plaintiff requested and was denied a hearing aid.

Early in the proceedings all the defendants moved for the dismissal of this case under the provisions of Fed.R.Civ.P. 12(b)(6). (Dockets #6, 7, 8). After allowing Plaintiff a reasonable time to oppose Defendants' motions, the Court dismissed some of Plaintiff's claims. (See Docket # 73, Opinion and Order of September 30, 1999). In particular, the Court dismissed the Complaint against Judge Berríos-Jiménez on grounds of judicial immunity, (Docket # 73, pp. 5-7), and Plaintiff's § 1983 claims against all individual defendants in their official capacities, on grounds that they were barred by the Eleventh Amendment constitutional prohibition of suits against unconsenting states. (Docket #73, p 9-10). However, Plaintiff's ADA claims against the Commonwealth of Puerto Rico were sustained. (Docket #73, p. 12). Judgment was entered accordingly. (Docket #74).

On October 1st, 1999, the Court issued a Case Management Order setting the procedural track to be followed in the case at bar. (Docket #75). However, the proceedings stagnated due to the confusion that followed the September 30, 1999 Opinion and Order, after multiple motions for reconsideration, to alter or amend, and to clarify said order, along with their corresponding oppositions, were filed by the parties. In addition, the parties appealed the Opinion and Order, and

AO 72A
(Rev. 8/82)

**Civil No. 98-1993(SEC)**                                                                                                       3

the judgment of September 30, 1999, and requested a stay of the proceedings. (See Dockets # 76, 78, 83, 83-A, 84, 85, 87, 87-A, 90, 93, 94, 95, 96, 102).[1]

On December 16, 1999, the Court issued an Opinion and Order disposing of Defendant José Fuentes-Agostini's Motion Requesting Reconsideration and/or Clarification from Court's Order. (Docket #99). Through that Order, the Court granted Fuentes-Agostini's motion and consequently, the complaint against him was dismissed both in his official and personal capacity, and judgment was entered accordingly. (Docket # 100).

Plaintiff's motion filed on October 22, 1999, (Docket # 83-A), requests leave to amend the complaint **in regards to those claims that the Court dismissed** through its September 30, 1999 Opinion and Order. In the alternative, Plaintiff requests Rule 54(b) certification rendering final judgments those portions of the September 30, 1999 Opinion and Order that dismiss all claims against Judge Berrios-Jiménez, dismiss in part Plaintiff's claims against Judge Andreu-García and Ms. Mercedes Bauermeister, and dismiss all of Plaintiff's § 1983 claims. In support of his motion, Plaintiff advances that: (1) He proceeded *pro se*; (2) The Court's dismissal of some of his claims was predicated upon complex legal issues that a *pro se* litigant is not prepared to defend; (3) The period to amend the complaint pursuant to the Court's Case Management Order had not expired; (4) Dr. Badillo should have been provided with notice that the claims were going to be dismissed, notified with a statement of the deficiencies in his *pro se* complaint, and given an opportunity to amend the complaint; (5) That the Court's Opinion and Order of September 30, 1999, did not provide Plaintiff an opportunity to amend the complaint before dismissing his claims.

---

[1] The appeals were dismissed for lack of prosecution on March 17, 2000, after the appellant failed to show cause why the case should not be dismissed on grounds of lack of finality pursuant to Fed.R.Civ.P. 54(b). (Docket #105).

**Civil No. 98-1993(SEC)**                                                                                                   4

Defendant Wilfredo Girau-Toledo opposed Plaintiff's motion arguing that: (1) This Court does not have to provide an explanation "for not providing leave to amend" when none was requested; (2) Plaintiff was notified of the motions to dismiss pending and he had ample time to oppose them or to contract an attorney to respond to them on his behalf; (3) The Court does not have to notify a plaintiff that it intends to dismiss or that his pleadings are deficient; and that (4) Plaintiff can amend his complaint in regards to his claims for relief under the provisions of ADA.

The Commonwealth of Puerto Rico also opposed Plaintiff's motion to amend the complaint adding that: (1) Plaintiff failed to mention that the Court had the benefit of the United States of America's appearance and legal memorandum, as *amicus curiae*, addressing all the matters contained in the defendants' motions to dismiss; (2) Plaintiff's motion did not provide any legal grounds to conclude that the Court applied a more stringent standard of pleading upon *pro se* plaintiff Badillo-Santiago; (3) Plaintiff never requested leave to amend; (4) Plaintiff's motion for reconsideration was belated as Fed.R.Civ.P. 59(e) provides only ten (10) days after the entry of judgment to file a motion to alter or amend.

**Analysis of Applicable Law**

Fed.R.Civ.P. 15(a), which regulates the amendment of pleadings, provides that:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. **Otherwise a party may amend the party's pleading only by leave of court** or by written consent of the adverse party; **and leave shall be freely given when justice so requires**.

Fed.R.Civ.P. 15(a).

**Civil No. 98-1993(SEC)**                                                                 5
___

  This rule controls two different scenarios. First, the rule limits the amendment of pleadings as a matter of right, to the filing of a responsive pleading. Second, the rule leaves to the Court's sound discretion the decision to permit an amendment after a responsive pleading has been filed. Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d §1473, at p. 521 (1990); See also Acosta-Mestre v. Hilton Int'l of Puerto Rico, 156 F.3d 49, 51 (1st Cir. 1998). However, the Court's discretion is not left unregulated. In ruling upon plaintiff's motion to amend the pleadings, the courts shall take into consideration: (1) Whether the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief; and (2) Whether there is any apparent or declared reason for not granting the leave sought, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962).

  Another factor that courts usually take into account is whether the party requesting leave is doing so within the deadline established by the court's scheduling order. Riofrio Anda v. Ralston Purina, Co., 959 F.2d 1149, 1154-1155 (1st Cir. 1992) (Holding that "the district court did not abuse its discretion by adhering to its scheduling order and refusing to allow plaintiffs to amend their complaint.")

  In addition, "undue delay" by itself, can be a basis for denial of leave to amend. Hayes v. New England Millwork Distributors, Inc., 602 F2d 15, 20 (1st Cir. 1979) (Sustaining the district court's denial of leave to amend after finding that "[a]pellant simply allowed his case to lie fallow for more than two years, and apparently was prompted to amend only when appellee moved for judgment on the pleadings.") Moreover, if "a considerable period of time has passed between the

AO 72A
(Rev. 8/82)

**Civil No. 98-1993(SEC)** 6

filing of the complaint and the motion to amend, courts have placed the burden upon the movant to show some 'valid reason for his neglect and delay'." Id. at 19-20.

Finally, the Court notes that a district court's denial of leave to amend the complaint is reviewed for abuse of discretion, and deference is paid "to any adequate reason for the denial." Acosta-Mestre v. Hilton Int'l of Puerto Rico, 156 F.3d 49, 51 (1st Cir. 1998) (citations and internal quotation marks omitted); Grant v. News Group of Boston, Inc., 55 F.3d 1, 5 (1st Cir. 1995); Resolution Trust Corporation v. Gold, 30 F.3d 251, 253 (1st Cir. 1994).

Accordingly, in this case the Court notes the following. Several factors militate against Plaintiff's request at this late hour to amend the complaint to add different legal theories of recovery, and new claims. First, although plaintiff correctly points out that he requested leave to amend within the deadline established by the Court in its Case Management Order, (Docket # 75), he conveniently overlooks the fact that the Case Management Order was issued after the Court had ruled upon several motions to dismiss filed by the defendants early in the proceedings, and after a partial judgment was entered in this case. (Dockets #73 & 74).

In this regard Plaintiff correctly notes that for purposes of Fed.R.Civ.P. 15(a), a motion to dismiss is not considered a responsive pleading. Keene Lumber Co. v. Leventhal, 165 F.2d 815, 823 (1st Cir. 1948). Therefore, a party may typically amend the pleadings without leave of the Court when the opposing party filed a motion to dismiss, but did not answer the complaint. Correa-Martínez v. Arrillaga-Beléndez, 903 F.2d 49, 59 (1st Cir. 1990); See also Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d §1483, at p. 585 (1990). However, Plaintiff conveniently overlooks the fact that after a judgment has been entered on a defendant's motion to dismiss, "it [is] too late for the plaintiff to amend as a matter of right." Keene Lumber Co., 165 F.2d at 823. At that

**Civil No. 98-1993(SEC)** 7

time, he should move to alter or amend the judgment under Fed.R.Civ.P. 60(b), "asking that the judgment be set aside in order to permit the filing of an amended complaint which, by mistake or excusable neglect, the plaintiff had previously failed to do." Id. In addition, the district court is under no duty to advise the plaintiff to amend his pleadings before dismissing the complaint. Id. Therefore, the Court's Case Management Order must be understood to allow amendment of the complaint only in regards to those claims that were not dismissed by the Court through its judgment entered on September 30, 1999. (Docket #74).

Second. Although the plaintiff proceeded *pro se*, it is true that he had enough time to retain legal counsel to respond to the defendants' motions to dismiss.[2] He was notified of all the motions filed in this case and the decision not to contract an attorney at that time to respond to them, was his choice and his alone. The Court is satisfied with the fact that Plaintiff had more than enough time to act before the Court ruled on the then pending motions to dismiss. In addition, Plaintiff was not alone in defending his case before the Court, since the Court had the benefit of an *amicus curiae* appearance by the United States, whereby they opposed the defendants' motions to dismiss. Finally, the Court did not apply a more stringent standard to plaintiff's complaint before dismissing some of his claims. Rather, the Court interpreted the pleadings in their most ample and favorable

---

[2] Defendants motions to dismiss were filed on November 13, 1998, (Docket # 6), November 22, 1998, (Docket # 7), and December 2, 1998, (Docket # 8). Plaintiff filed his *pro se* oppositions on December 23, 1998, (Dockets # 15-16), and January 4, 1999, (Docket #20). The United States requested leave to participate as *amicus curiae* on February 11, 1999. (Docket # 28). Leave was granted on February 19, 1999 by margin order, and on March 10, 1999, the United States filed an *amicus curiae* brief opposing defendants' motions to dismiss. (Docket #33). Defendants' motions were not disposed of until September 30, 1999. (Dockets # 73-74). Just one day before, on September 29, 1999, counsel Pedro E. Purcell-Ruiz announced his appearance for the record on behalf of Plaintiff. (Docket #72). Therefore, Plaintiff had enough time to contract the services of an attorney for purposes of handling his case and to oppose defendants' motions while they were still under the advisement of the Court.

**Civil No. 98-1993(SEC)** 8

construction to the Plaintiff. (Docket # 73). Therefore, the Court's decision to deny Plaintiff's leave to amend is not unfair or inequitable.

Finally, the Court's Opinion and Order of September 30, 1999, dismissed Plaintiff's claims after a careful evaluation of the merits. This was the case with defendant Julio Berrios-Jiménez, whose motion to dismiss was granted on grounds of judicial immunity. This was also the case with defendants Andreu-García, Bauermeister, and Girau-Toledo; since Plaintiff's claims against them in their official capacities could not be entertained under 42 U.S.C.A. § 1983. Plaintiff's reaction was to move to alter or amend the judgment entered on September 30, 1999 —pursuant to Fed.R.Civ.P. 59(e)— on new legal grounds not brought up before the Court prior to its ruling on defendant's motions. (Seeking injunctive and prospective relief, See Docket #87). This is not permissible under Fed.R.Civ.P. 59(e). F.D.I.C. v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992) (Holding that "Rule 59(e) motions are aimed at reconsideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued. Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence.") (Citations and internal quotes omitted). Therefore, **Plaintiff's motion to alter or amend, for relief from judgment, and for leave to file amended complaint, (Docket #83-A), is DENIED.**

**SO ORDERED.**

In San Juan, Puerto Rico, this 16TH day of May, 2000.

SALVADOR E. CASELLAS
United States District Judge